UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

ELLIOT M. HIRSCH,

                     Plaintiff,              **MEMORANDUM & ORDER**
                                               22-CV-6716(EK)(VMS)

        -against-

ELIZABETH M. KAIREY,

                     Defendant.

-------------------------------------x

ERIC KOMITEE, United States District Judge:

        Elliot Hirsch, proceeding *pro se* and *in forma pauperis*, brings this action against his estranged wife.  As with numerous federal actions Hirsch has filed, his claims relate to his and Elizabeth Kairey's divorce proceeding and other actions in New York State Supreme Court, Kings County. Hirsch has asserted only one cause of action here: a claim under the Federal Arbitration Act.  He seeks a number of remedies, however: first and foremost, an order compelling Kairey to arbitrate all matters relating to their divorce before a Jewish rabbinical court.  Alternatively, he requests that this Court adjudicate custody, alimony, and child support issues ancillary to the divorce.  He also asks that this Court compel his wife to dismiss the Kings County action and to enjoin her from

commencing any further proceedings in any court outside of the state of New Jersey.[1]

Because this Court has no jurisdiction to compel arbitration, to adjudicate the underlying issues itself, or to issue the requested injunction, I dismiss the complaint with prejudice pursuant to 28 U.S.C. § 1915.

## I.   Background

The following allegations are drawn from Plaintiff's complaint, unless otherwise noted, and are presumed to be true for purposes of this order.[2]

Hirsch alleges that Ms. Kairey "fled" to Brooklyn with their minor child in May 2017.  Compl. ¶ 1, ECF No. 1.  She filed for divorce in Kings County Supreme Court on September 1, 2017.  *Id.* ¶ 6.  Hirsch then instituted divorce proceedings in a Jewish rabbinical court, or Beth Din.  *Id.* ¶¶ 7-8.  Eventually, Kairey agreed to meet with the Beth Din, and the parties signed what Hirsch contends is a "binding arbitration" agreement.  *Id.* ¶ 9.  Hirsch attaches to the complaint an executed copy of this "Agreement to submit to Arbitration," dated November 30, 2017, which provides for arbitration of "all the controversies"

---

[1] After Hirsch filed this action in the U.S. District Court for the District of New Jersey, it was transferred to this Court.  *See* ECF No. 11.

[2] Page numbers in citations to record documents refer to either ECF pagination or, where cited, paragraph number.

between him and Kairey, including "all matters of divorce."  ECF
No. 1-1 at 20.  The Beth Din, Hirsch alleges, entertained
several proceedings and "issued numerous interim awards" between
December 2018 and October 2022," although it never issued a
"final award" or "judgement."  *Id.* ¶¶ 11-13, 22.  Hirsch says
nothing about what these interim awards provided for.

       At some time, however, Kairey "refused to attend any
further Beth Din proceedings" and refiled her Kings County
divorce action in June 2018.  *Id.* ¶¶ 14-15.  In the four years
since Kairey commenced the divorce proceedings in state court,
Hirsch has been unable to obtain enforcement of any of the Beth
Din's arbitration awards.  *Id.* ¶ 24.  Hirsch alleges that at
least one state court judge, Justice Joanne Quinones, has
considered "the arbitration award" and decided that "it was
unenforceable."  *Id.*

       Plaintiff requests that this Court enforce the interim
awards and compel the parties, pursuant to the Federal
Arbitration Act, to arbitrate any further issues — including
issues relating to custody, alimony, and child support — before
the Beth Din.  *Id.* at 15.  Alternatively, he asks that the Court
compel the parties to adjudicate those issues here in federal
district court.  *See id.*  In support, Plaintiff contends that he
has not received a fair hearing in state court.  He alleges,
among other things, that he was "not able to properly prepare

[his] attorney for the custody trial," *id.* ¶ 61; that Justice Quinones issued various orders that violated his constitutional rights, *id.* ¶ 30; that the Appellate Division has denied him the ability to appeal rulings, *id.* ¶¶ 35–38; and that an (unnamed) administrative judge refused his efforts to apply for an appellate fee waiver at some point.  *Id.* ¶¶ 42, 62.

In an April 1, 2023 letter filed in a separate action before this Court, Hirsch indicated that Justice Quinones had issued a final judgment in this divorce proceeding.  *See Hirsch v. Butterman*, No. 22-CV-5815 (E.D.N.Y), ECF No. 12 at 1.  He has not indicated whether he seeks to appeal that judgment or whether any appellate proceedings are ongoing.

## II.  Legal Standard for *Pro Se* Plaintiffs

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  At the pleading stage, "all well-pleaded, nonconclusory factual allegations" in the complaint are assumed to be true.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).[3]  *Pro se* complaints are held to

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

4

less stringent standards than pleadings drafted by attorneys, and the Court will read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008).

Still, a *pro se* plaintiff must "comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005). Subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court. *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011). If subject matter jurisdiction is absent, the district court must dismiss the action. *See Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006).

### III.   Discussion

### A.   This Court Lacks Jurisdiction Over Hirsch's Claim

In his single cause of action, Hirsch seeks to compel the enforcement of an arbitration agreement which, he alleges, he and Kairey executed prior to the pending state court divorce proceedings. Compl. ¶¶ 49-52. Hirsch asserts that the arbitration agreement covers "all matters relating to the

divorce" between him and Kairey.  *Id.* ¶ 51.  Because this Court lacks jurisdiction over that claim, this case must be dismissed.

The Federal Arbitration Act does not provide an independent basis for federal jurisdiction over arbitration agreements.  *See Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008).  Instead, in order to entertain an action seeking enforcement of an arbitration agreement, a federal court must find that, in the absence of such agreement, it would have jurisdiction over the subject matter of a "suit arising out of the controversy between the parties."  9 U.S.C. § 4; *see Vaden v. Discover Bank*, 556 U.S. 49, 52 (2009).  Hirsch therefore cannot invoke the FAA as a standalone basis for subject-matter jurisdiction; the Court must instead have jurisdiction over the underlying controversy that he seeks to arbitrate.

Federal question jurisdiction exists under Section 1331 where a plaintiff's cause of action is based on a violation of federal law, or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law."  *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004); 28 U.S.C. § 1331.  Courts have diversity jurisdiction under Section 1332, in turn, where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties.  28 U.S.C.

§ 1332(a); *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).  "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009).

Plaintiff fails to allege jurisdiction under Section 1331.  Here, the underlying controversy — relating to the parties' divorce, including alimony, child custody, and child support — is not a type of subject matter over which this Court would have federal-question jurisdiction.  *See, e.g.*, *In re Burrus*, 136 U.S. 586, 593-94 (1890) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."); *Deem v. DiMella-Deem*, 941 F.3d 618, 621, 624 (2d Cir. 2019).

Hirsch also fails to sufficiently allege diversity jurisdiction under Section 1332.  Although there appears to be complete diversity of citizenship — Hirsch is a citizen of New Jersey, and Kairey is identified as a citizen of New York — he has not adequately alleged that Section 1332's damages threshold is satisfied.  "[A] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Tr. Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir.

1996).  Here, Hirsch fails to plead any plausible facts, or even include a cause of action, that would suggest a reasonable probability that his damages exceed $75,000.  The most he offers in this regard is that, before either party initiated any divorce or rabbinical court proceedings, he paid $200 each week for six weeks to see his daughter, *see* Compl. ¶¶ 3-5 — a total that falls well short of the amount-in-controversy requirement.

Because the Court lacks subject-matter jurisdiction over the matter for which Hirsch seeks to compel arbitration, Plaintiff's Federal Arbitration Act claim is dismissed.

**B.   Applicable Abstention Doctrines Further Bar the Court from Exercising Jurisdiction**

Even if the lack of subject-matter jurisdiction were not an absolute bar, abstention would be warranted here.  In addition to his arbitration claim, Hirsch asks the Court for further equitable remedies, including an order: (1) enjoining Kairey to dismiss the ongoing New York state court divorce action and to not commence further proceedings outside of New Jersey state, and/or (2) compelling the parties to adjudicate their custody and visitation proceedings in this Court.  Compl. 15.  In support of this requested relief, Plaintiff alleges various violations of his "constitutional rights in the divorce

action." *See, e.g.*, *id.* ¶ 30.[4]  As explained above, the Court
lacks subject-matter jurisdiction to adjudicate issues relating
to the parties' divorce.  And to the extent that Hirsch alleges
these constitutional violations in an attempt to invoke federal-
question jurisdiction, such an effort would run headlong into at
least two jurisdictional bars — the abstention requirement set
out in *Younger v. Harris*, 401 U.S. 37 (1971), and the domestic
relations abstention doctrine.

    1.   *Younger* Abstention

       *Younger* dictates that "federal courts should generally
refrain from enjoining or otherwise interfering in ongoing state
proceedings." *Spargo v. N.Y. State Comm'n on Jud. Conduct*, 351
F.3d 65, 74 (2d Cir. 2003).  This obligation extends to "civil
proceedings involving certain orders uniquely in furtherance of
the state courts' ability to perform their judicial
functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78
(2013).  *Younger* abstention is required where: "(1) there is an
ongoing state proceeding; (2) an important state interest is
implicated in that proceeding; and (3) the state proceeding
affords the federal plaintiff an adequate opportunity for

---

[4] This Court previously held, in a separate case brought by Hirsch, that
his constitutional challenges to New York's filing fee provisions — including
the fee for civil appeals — were barred by *Younger* and also the doctrines of
judicial and sovereign immunity.  *Hirsch v. Wade*, No. 21-CV-4147, 2023 WL
112801, at *2–3 (E.D.N.Y. Jan. 5, 2023).

judicial review of the federal constitutional claims." *Diamond*
*"D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002).

Courts within the Second Circuit have regularly
abstained based on *Younger* where plaintiffs seek — as Hirsch
does here — to enjoin ongoing divorce or child custody
proceedings. *See, e.g.*, *McKnight v. Middleton*, 699 F. Supp. 2d
507, 520 (E.D.N.Y. 2010), *aff'd*, 434 F. App'x 32 (2d Cir. 2011);
*Deem v. DiMella-Deem*, No. 18-CV-11889, 2019 WL 1958107, at *11
(S.D.N.Y. May 2, 2019), *aff'd*, 800 F. App'x 62 (2d Cir. 2020);
*Martinez v. Queens Cnty. Dist. Atty.*, No. 12-CV-6262, 2014 WL
1011054, at *8 n.8 (E.D.N.Y. Mar. 17, 2014), *aff'd*, 596 F. App'x
10 (2d Cir. 2015).  The reasoning of these cases is squarely
applicable here.

First, Hirsch's state divorce and custody proceedings
are, for purposes of *Younger*, still ongoing.  *See People United
for Children, Inc. v. City of New York*, 108 F. Supp. 2d 275, 290
n.6 (S.D.N.Y. 2000) ("State proceedings are pending for *Younger*
purposes until all appellate court remedies have been
exhausted.").[5]  Second, family law matters, including issues

_____

[5] As noted above, Hirsch has indicated that, since the filing of this
complaint, Justice Quinones entered a final judgment in his divorce
proceeding.  He has not, however, stated whether any appellate proceedings
are pending.  As a result, even if the Court were to consider this new
information, absent the exhaustion of state appellate remedies, the divorce
proceeding remains ongoing for purposes of *Younger* abstention.  *See Kirschner
v. Klemons*, 225 F.3d 227, 234 (2d Cir. 2000) ("The Supreme Court has clearly
held that a would-be plaintiff who has been subjected to a state proceeding

regarding child custody, child support, and alimony, implicate "an area of law that federal courts and Congress leave almost exclusively to state law and state courts." *Khalid v. Sessions*, 904 F.3d 129, 133 (2d Cir. 2018); *see United States v. Windsor*, 570 U.S. 744, 766 (2013) ("[S]ubject to [constitutional] guarantees, regulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the States."). Finally, none of Hirsch's allegations suggest that he lacks an adequate opportunity for state judicial review of his federal constitutional claims at the appropriate time. *See Deem*, 2019 WL 1958107, at *11 (noting plaintiff's ability to appeal "final order" of a family court within the state court system). Indeed, after the state court "makes its final disposition on custody and visitation, Plaintiff may appeal that decision to the Appellate Division and raise the unconstitutionality" of the trial court's orders. *McKnight*, 699 F. Supp. 2d at 521.

Because the requested relief would plainly require this federal court to interfere with the state court divorce proceeding, *Younger* militates against the exercise of jurisdiction over Plaintiff's claims.

---

which he seeks to challenge in federal court must first exhaust all available state appellate remedies — unless, of course, an exception to *Younger* applies or other *Younger* prerequisites are not met.").

2.   <u>Domestic Relations Abstention</u>

Hirsch's request for relief is also barred under the domestic relations abstention doctrine.[6]  That doctrine precludes federal district courts from considering claims that are matrimonial or "on the verge of being matrimonial in nature" and in which "there is no obstacle to their full and fair determination in state courts."  *Deem*, 941 F.3d at 621–22; *see also Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (federal courts "generally decline jurisdiction pursuant to the matrimonial exception" when "asked to grant a divorce or annulment, determine support payments, or award custody of a child").

Here, Hirsch's claim clearly implicates "matrimonial" and ancillary domestic-relations issues: he asks the court to enjoin his state divorce proceeding and adjudicate issues relating to child custody, support, and alimony.  And as discussed above, Hirsch does not plausibly allege that he will be unable to vindicate his rights (constitutional and otherwise)

---

[6] In *Deem*, the Second Circuit observed that "abstention based on domestic relations concerns" might be regarded as "merely a variant" of *Younger* abstention, but ultimately recognized  a "distinct domestic relations abstention doctrine."  941 F.3d at 624.

in his divorce proceeding, up to and including an appeal of the final judgment in that case.  *See Deem*, 2019 WL 1958107, at *12.

## C.   **Leave to Amend Would be Futile**

Leave to amend a complaint may be denied as futile where there is a "substantive" problem with a suit such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile.").  Because *Younger* and the domestic relations abstention doctrine preclude this Court's exercise of jurisdiction, any attempt to amend the complaint would be futile.  *See Deem v. DiMella-Deem*, 800 F. App'x 62, 63 (2d Cir. 2020) (affirming, on domestic relations abstention grounds, district court's dismissal of *pro se* plaintiff's complaint without leave to amend).

## IV.  **Conclusion**

For the reasons stated above, Hirsch's suit is dismissed.  All pending motions are disposed of via this order.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444–45

(1962).  The Clerk of Court is respectfully directed to enter

judgment and close this case.

        SO ORDERED.


                        /s/ Eric Komitee
                        ERIC KOMITEE
                        United States District Judge


Dated:     August 1, 2023
            Brooklyn, New York